Judge Bdcknek,
delivered the opinion of the court.
This is a suit in chancery, instituted by Greenwade against Hanks, to foreclose his equity of redemption to a tract of land, mortgaged by Hanks to him, on the ,16th day of September, in the year 1816, to secure the payments of several sums of money, for some of'which, notes had been executed by Hanks, and for others of which, executions had issued against him and surety on replevin bonds. Hanks answered, acknowledging- the execution of the mortgage, and claiming credits for several payments.
At the September term, 1839, the circuit court entered a decree, in which, after reciting the several sums of money secured by the mortgage, and the credits to be allowed to the mortgagor ns payments made by him, it is added, in substance, “and it is now ordered and decreed, that the defendant shall have, until the first day of the next February term of this court, to pay to the complainant the balance due on.said debts, together with interest, costs, &c. and on his failure to make said payments, it is ordered and decreed, that the defendant shall be barred and foreclosed of his equity of redemption, in the mortgaged premises; and that said premises shall be sold to satisfy said debts; and for this purpose, Marcus Thomas is hereby appointed a commissioner, who shall proceed to sell at the court house, in Mountsterling, on some court day, the premises so mortgaged, or so much thereof, as will satisfy -said debts, interest and costs, and the costs of this suit. *250 to be hereafter taxed by the clerk, and certified by him, and five dollars for making the sale, having first a¿ver¿jge(j for twenty days, the time and place of sale; the sale to be made to the highest bidder, on a credit of three months, the purchaser giving bond with approved security, payable to the complainant; and the commissioner is hereby authorized to make a deed of c irveyance to the purchaser, A c. and that the complainant recover of the defendant his costs herein expended.”
At the February term, 1830, Greenwade moved the court to amend the decree, making it interlocutory; by giving to Hanks time, until the term of the court next thereafter, to pay the several sums mentioned, and directed the commissioner not to proceed, until the further order of the court. But the court overruled the mo I ion, declaring the decree to be final.
To reverse it, Hanks prosecutes this writ of error, with supersedeas, assigning several errors. The decree is erroneous and must be reversed.
It is not necessary to' point out the mode to be pursued on a bill to foreclose a mortgagor’s equity of redemption; because the doctrine on that subject, has, on another occasion, been clearly and distinctly laid down by this cou rt. See the case of Downing, Heydell, &c. vs. Palmeteer, I Monroe, 64.
According to the principles of that decision, the decree, in this case, cannot be maintained. The decree in the case referred to, like that under consideration, directs, that unless'the defendant paid the amouut named therein, within a given time, his equity of redemption should be foreclosed, and that a commissioner appointed for the purpose, should sell the property. One objection to it, sustained by this court is, that it was left to the commissioner, to ascertain whether the money was paid or tendered, and to decidc accordingly; when, it was the duty of the court to decide on those matters. The same remark may be applied, with equal force to the decree under consideration. It is true, that a term of the court intervened between the time of rendering the decree, and the day on which the sale, according to its directions, could be made; and it may be urged, that thereby, an opportunity was afforded to Hanks of showing, that he had *251 paid the money, or tendered it; and that from his failure to make any motion to the court on the subject, it may be strongly inferred, that he had failed to make such payment. But it is not proper to permit that matter to depend on inference or presumption. It is a sufficient objection, that the court has not adjudicated upon it.
It is proper to give a day in term time for the pay' ment of the money, that the defendant may show the fact of payment, or tender, by bringing the money in to court, and there depositing it for' the complainant; but the record ought to exhibit the fact of his injure, and toen, and not until that appears, should ihe decree be made final, and the sale ordered. That he failed to comply with the decree, (however probable it may be from his silence) is a matter which does not ceriamiy appear from the record, and upon which, ttu-re has been no adjudication by the court. Had the ci-cuii judge failed to attend court at the February term, 183'i, Hanks would have had no opportunity of showing that he had made payment. Nov/ it cannot be proper to lot the correctness of the final decree depend on contingencies.
There is another objection to the decree, which should be obviated on the return of the cause. One of the sums directed to be paid to the complainant, is $16 92 i cents, which it is alleged in the decree, was paid by Greenwade to the constable, “for the stay of the executions when levied on the defendant’s property.” Whether that sum was correctly charged to Hanks, does not appear. Not a word is said about it in any part of ihe record, except the decree.. We suppose it was the amount of commissions charged by the constable. If, however, it can be properly considered as embraced by the mortgage, it ought to be more distinctly shown, why it was decreed.
The decree of the circuit court must be reversed, and the cause remanded with directions for further proceedings to be had, not inconsistent with this opinion.